# JAMES P. ANDERSON

*v.*

# FRANK W. SMITH *et al.*

1. LANDLORD AND TENANT—*attornment under false claim—disputing landlord's title.* Where a person entered into possession of land under one landlord, and was then induced to attorn to another under the belief and upon the claim and representation of such other person that he had the title to the premises, and when sued in ejectment permitted his second landlord to defend in his name, under an agreement to indemnify him against costs, and held possession for him until evicted in the suit, whereupon he paid rent to the original landlord, who was plaintiff in the ejectment suit: *Held,* that a recovery for rent in a suit against the tenant by the heirs of second landlord, was erroneous, and that, to sanction such recovery, would be giving a premium to falsehood and subject a tenant, who had done no wrong, to a double payment of rent.

2. The maxim that a tenant shall not dispute the title of his landlord has no just application to such a case. A person having entered into possession of land under one, and who was induced to attorn to another under the belief and upon the claim of the latter that he has title, when sued for the rent by the heirs of such second landlord, may show in defense that his attornment had been procured by a false claim of title, and that the rent had been demanded and paid to the landlord from whom he derived his possession, as the rightful owner.

3. It was contended that a new trial was taken in the ejectment suit after the eviction of the tenant, which the record failed to show. But it seems that such fact would not affect the merits of the case. Upon eviction in the suit, the tenant was liable for *mesne* profits, and having no guaranty of protection against such liability, and the landlord having failed to establish his claim by which he procured the attornment, the tenant was justified in regarding it as groundless and protecting himself from a prosecution for *mesne* profits.

4. It seems that a tenant may show, in defense of a suit by his landlord for rent, that the landlord's title has expired, or that a claim had been made on the tenant by one who has the real title, and can enforce payment of the rents from him in an action for use and occupation, if there has been a fresh demise, or an arrangement equivalent to one, or in a proceeding to recover *mesne* profits, and the tenant has submitted to such claim. But in such cases, the burden of proof is on the tenant.

APPEAL from the Circuit Court of Madison county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

Messrs. DALE & BURNETT, for the appellant.

Mr. DAVID GILLESPIE, for the appellees.

MR. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

The facts of this case have not been developed as clearly as is desirable, but as presented by the record they are substantially as follows:

In the fall of 1857, one Ballard was in possession of a farm in Madison county, as tenant of one Wait. The appellant, Anderson, bought Ballard's possession and entered upon the land. In 1858, Smith, the father of these appellees, was passing through Madison county, saw Anderson, and, claiming to own the land, demanded payment of rent. Anderson, believing him to be the owner, paid him $70. Before anything further was paid, Wait appeared, claimed the rent, and brought an action of ejectment against Anderson. Anderson did not wish to defend, having no interest in the issue, but the attorney of Smith persuaded him to permit the defense to be made in his name, promising that he should be subjected to no costs. Anderson consented and remained on the land, willing to pay rent, but uncertain as to whom it was due. The action terminated in a judgment for Wait, who caused a writ of possession to be issued in 1865, under which Anderson was evicted. Anderson settled with Wait for the rents, paying him the amount due. Smith, in the meantime, had died, and in 1869 his heirs brought this suit against Anderson to recover the back rents. It resulted in a verdict for the plaintiffs, and Anderson prosecuted this appeal.

The record in the ejectment suit was not produced, but the facts in regard to it, as above stated, were testified to by the witnesses on both sides without objection.

On the facts disclosed in this record, the plaintiffs should not have recovered. The judgment seems to have been obtained by applying the maxim that a tenant can not dispute the title of his landlord. But this principle has no just application to the present case. A tenant who has acquired possession from his landlord must surrender it back before disputing his landlord's title. But a person entering under one landlord, and then attorning to another under the belief that the latter has the title and should receive the rent, must certainly be permitted to show that such belief was founded on a misapprehension of the facts, and that the title claimed by the second landlord has been adjudged to be in the first. If the tenant can not resist a demand for rent made by the second landlord by showing that his attornment had been procured by a false claim of title, and that the rent had been demanded by the landlord from whom the possession was derived, and paid to him as the rightful owner, we should simply be giving a premium to falsehood, and subjecting to a double payment a tenant who has done no wrong. The legal maxim upon which counsel rely, leads to no such injustice.

The case supposed is that of the present litigants. Counsel for appellees claim that Smith was the real owner, and that, after the first judgment in favor of Wait, and the eviction of Anderson under the writ of possession, the litigation was resumed. We know nothing of that from this record, but however it may be, the fact is conceded that there was a judgment and eviction. Anderson had permitted Smith's attorney to defend the suit in his name, and when the judgment was rendered against him he became liable to Wait for the back rents in the shape of *mesne* profits. He had no guaranty from Smith to protect him. Smith had failed to establish his claim of title by making which he had procured Anderson's attornment. Anderson was justified in regarding that claim as groundless. He had been induced to attorn to Smith by a false clamor, and Smith had failed to protect him. Whether the title was really in Smith or not, Anderson had a right,

after the judgment and eviction, to act upon the belief that it was in Wait, and protect himself from a prosecution for *mesne* profits by a voluntary settlement for the rent. In doing this he was violating no fealty due to a landlord. He was doing Smith no wrong. He was simply protecting himself against the unjust consequences that might accrue to him in consequence of his having acted on faith in the professions of Smith, which the latter had failed to make good. He was paying the rent where, as the case then stood, it rightfully belonged, and where he could have been compelled to pay it by legal process.

The views we have expressed are fully supported by the case of *Mountjoy* v. *Collier*, 1 Ellis & Blackburn, 72 E. C. L. 630, where Justice EALE, after remarking that there are numerous authorities to show that a tenant is not estopped from showing his landlord's title had expired, uses the following language: "And justice requires that he should be permitted to do so, for a tenant is liable to the person who has the real title, and may be forced to pay him either in an action for use and occupation, if there has been a fresh demise, or an arrangement equivalent to one, or in trespass for the *mesne* profits. It would be unjust if, being so liable, he could not show that as a defense." The other judges, in delivering their opinions in the case, adopt a similar line of remark, holding that this defense can be set up if a claim is made on the tenant by the person entitled to the *mesne* profits, and there is a submission on the part of the tenant. Of course the burden of proof, in such cases, would be on the tenant, and in the case before us the proof was made by him, showing an actual eviction under the judgment in ejectment.

On the evidence on this record, the verdict should have been for the defendant. The instructions of the court were inconsistent with the view we have taken of this case, and tended to produce this erroneous verdict.

The judgment is reversed and the cause remanded.

*Judgment reversed.*